IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CALVIN THOMAS, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 12-137-GPM |
| | ) |
| STATE OF ILLINOIS and ILLINOIS | ) |
| DEPARTMENT OF CORRECTIONS, | ) |
| | ) |
| **Defendants.** | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Calvin Thomas's 42 U.S.C. § 1983 suit, alleging unconstitutional conditions of

confinement at Vienna Correction Center in violation of the Eighth Amendment, was transferred

from the Central District of Illinois to this Court on February 16, 2012 (Doc. 8).  Now before the

Court are Mr. Thomas's pending motions for leave to proceed *in forma pauperis* ("IFP") (Doc. 3)

and for appointment of counsel (Doc. 4).  Mr. Thomas filed his complaint on January 17, 2012–after

his release from Vienna Correction Center (Doc. 1).[1]  As such, Mr. Thomas does not meet the

statutory definition of a "prisoner" under 28 U.S.C. 1915(h).[2]  His motion for IFP is governed by

28 U.S.C. § 1915(a)(1), which states that a federal district court may allow a civil case to proceed

---

[1] In his complaint, Mr. Thomas provided an address in Rockford, Illinois.

[2] "The term 'prisoner means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).  *See also Kerr v. Puckett,* 138 F.3d 321, 323 (7th Cir. 1998).

without prepayment of fees, if the movant "submits an affidavit that includes a statement of all assets

[he] possesses [showing] that [he] is unable to pay such fees or give security therefor."  Mr. Thomas

provided  such a financial affidavit with his application for IFP.  However, 28 U.S.C. § 1915(e)(2)

directs the Court to dismiss a case if at any time the Court determines that the action is clearly

frivolous or malicious, fails to state a claim on which relief may be granted, or is a claim for money

damages against an immune defendant.  The Court has reviewed Mr. Thomas's complaint and finds

that dismissal is warranted in this case under 28 U.S.C. § 1915(e)(2) .

"[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to

relief that is plausible on its face."  *Ashcroft v. Iqbal,* — U.S. —, 129 S.Ct. 1937, 1949 (2009),

*quoting Bell Atlantic Corp. V. Twombly,* 550 U.S. 544, 570 (2007).  Plausibility "asks for more than

a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are

merely consistent with a defendant's liability, it stops short of the line between possibility and

plausibility."  *Iqbal,* 129 S.Ct. at 1949.  While "[s]pecific facts are not necessary," the pleaded facts

must "give the defendant fair notice of what the…claim is and the grounds upon which it rests."

*Erickson v. Pardus,* 551 U.S. 89, 93 (2007).  The Seventh Circuit has succinctly elucidated post-

*Twombly* pleading standards:

> So, what do we take away from *Twombly, Erickson,* and *Iqbal*?  First, a plaintiff
> must provide notice to defendants of her claims.  Second, courts must accept a
> plaintiff's factual allegations as true, but some factual allegations will be so sketchy
> or implausible that they fail to provide sufficient notice to defendants of the
> plaintiff's claim.  Third, in considering the plaintiff's factual allegations, courts
> should not accept as adequate abstract recitations of the elements of a cause of action
> or conclusory legal statements.

*Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009).  "[T]he plaintiff must give enough details about

the subject-matter of the case to present a story that holds together.  In other words, the court will

ask itself *could* these things have happened" *Swanson v. Citibank, N.A.,* 614 F.3d 400, 404 (7th Cir.

2010) (emphasis in original).  Pro se complaints, such as Mr. Thomas's, are liberally construed and

held to a less stringent standard than formal pleadings drafted by lawyers. *Bridges v. Gilbert,* 557

F.3d 541, 546 (7th Cir. 2009).  However the complaint must still "actually *suggest* that the plaintiff

has a right to relief." *Windy City Metal Fabricators & Supply, Inc. v. CIT Technology Financing*

*Services, Inc.,* 536 F.3d 663, 668 (7th Cir. 2008), *citing Tamayo v. Blagojevich,* 526 F.3d 1074, 1081

(7th Cir. 2008) (emphasis in original).

Mr. Thomas's complaint fails to meet that standard.  He claims that while incarcerated at

Vienna Correctional Center, his unit was infested with cockroaches and mice.  He recounts that a

cellmate's property box contained mouse droppings and property that had obviously been chewed

by mice.  He also complains of a leaky ceiling in the bathroom and window frames on the unit

slanting or "falling apart," creating a "security [and] safety" hazard.  Mr. Thomas alleges that at

some time he had placed a sheet over a missing window-pane to prevent rain from entering his cell,

and that "either the Warden or Assistant Warden" told Mr. Thomas to remove the sheet during a

walk-through.

Mr. Thomas's allegations fail to approximate a plausible claim for unconstitutional

confinement.  His use of the word "infestation" alone cannot support a claim to relief here.  While

complaints of pest infestations have been found to state claims in other cases, a successful complaint

of pest infestation can be distinguished by an allegation of "significant physical harm" arising from

the pests. *Antonelli v. Sheahan,* 81 F.3d 1422, 1431 (7th Cir. 1996); *see also Sain v. Wood,* 512 F.3d

886, 894 (7th Cir. 2008) (finding that plaintiff was unable to show sufficiently serious

unconstitutional conditions of confinement where several cockroaches were in plaintiff's cell,

including cockroaches that bit him).[3] Mr. Thomas on the other hand, alleges *no* harm.  Neither does

Mr. Thomas specify what relief he seeks.  While it is plausible that the occurrences alleged actually

occurred, they definitively do not suggest any constitutional violation nor any right to relief.

Mr. Thomas's complaint further fails under 28 U.S.C. § 1915(e)(2) as his named Defendants,

the State of Illinois and the Illinois Department of Corrections, are both immune from suit under the

Eleventh Amendment.   *See Johnson v. Supreme Court of Illinois,* 165 F.3d 1140, 1141 (7th Cir.

1999) ("states and their agencies are not 'persons' subject to suit under 42 U.S.C. § 1983.").  Even

were the warden or assistant warden substituted as defendants, the claims against them would be

legally frivolous.  *See Edwards v. Snyder,* 478 F.3d 827, 830 (7th Cir. 2007).  Telling an inmate to

remove a sheet from a window frame is not deliberate indifference entitling Plaintiff to relief under

the Eighth Amendment.  And, again, Mr. Thomas claims no damage or injury.  The Court cannot

discern *what* Mr. Thomas seeks (particularly as Mr. Thomas is no longer incarcerated).

As Mr. Thomas fails to state a claim on which relief may be granted and names only

defendants who are immune from this suit, his case shall be **DISMISSED with prejudice** pursuant

to 28 U.S.C. § 1915(e)(2)(B).  His motion to proceed IFP shall be **DENIED** and his other pending

---

[3] As the Seventh Circuit recently stated:

> A claim that the conditions of an inmate's confinement were constitutionally
> inadequate proceeds through a two-step inquiry.  We consider first whether the
> adverse conditions complained of were 'sufficiently serious' such that the acts or
> omissions of prison officials giving rise to these conditions deprived the prisoner
> of a minimal civilized measure of life's necessities.  If the answer to that question
> is yes, we consider whether prison officials were deliberately indifferent to the
> adverse conditions.  An official is deliberately indifferent when he is subjectively
> aware of the condition or danger complained of, but consciously disregards it.

*Rice v. Correctional Medical Services,* Nos. 09-2804, 10-2389, 2012 WL 917291 (7th Cir.
March 20, 2012) (internal citations and quotations omitted).

motion deemed **MOOT.**

      **IT IS SO ORDERED.**

      DATED: April 26, 2012


                           s/ *G. Patrick Murphy*
                           G. PATRICK MURPHY
                           United States District Judge